UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRY CLARCQ,

                          Plaintiff,

v.                                                            5:18-CV-1168
                                                                 (GTS/ATB)
D.O. SCOTT VANGORDER; NORTHERN OSWEGO
COUNTY HEALTH SERVICES, INC.; OSWEGO
HOSPITAL; and OSWEGO HEALTH, INC.,

                          Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

SHANLEY LAW OFFICES                              P. MICHAEL SHANLEY, ESQ.
  Counsel for Plaintiff
100 West Utica Street
Oswego, NY 13126

HON. GRANT C. JAQUITH                          RANSOM P. REYNOLDS, ESQ.
Acting U.S. Attorney for the                        Assistant United States Attorney
Northern District of New York
  Counsel for Defendant
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

HON. GLENN T. SUDDABY, United States District Judge

# **DECISION and ORDER**

       Currently before the Court, in this medical malpractice action filed by Terry Clarcq

("Plaintiff") against the above-captioned individual and three entities, are the following two

motions filed by Defendants D.O. Scott VanGorder[1] and Northern Oswego County Health Services, Inc. ("Defendants VanGorder and Northern Oswego"): (1) a motion to substitute the United States of America ("United States") for Defendants VanGorder and Northern Oswego as a defendant in this action, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq*.; and (2) a motion to dismiss Plaintiff's claims against the United States for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 4.) For the reasons set forth below, the motion to substitute is granted. In addition, the motion to dismiss Plaintiff's claims against the United States is granted, and those claims are dismissed without prejudice. Finally, the remaining claims in this action–i.e., Plaintiff's claims against Defendants Oswego Hospital and Oswego Health, Inc.–are remanded to state court.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that Defendants VanGorder, Northern Oswego, Oswego Hospital, and Oswego Health, Inc., carelessly and negligently failed to diagnose and render appropriate treatment for Plaintiff's fractured left foot on numerous occasions, commencing on or about September 8, 2015. (Dkt. No. 2, ¶¶ 9-30 [Pl.'s Compl.].) Plaintiff further alleges that these failures caused him to endure pain and suffering, physical and emotional injuries, permanent injury, additional medical costs, and other consequential damages.

---

[1] The parties have variously spelled the last name of this defendant as "Van Gorder," "Vangorder," and "VanGorder." (Dkt. No. 2, at ¶ 2 [Compl.]; Dkt. No. 4, Attach. 2, at 1 and 2 [Def. Mem. of Law.]; Dkt. 12, at ¶ 3 [Shanley Aff.].) For the purpose of this Decision and Order, the Court will refer to him as "VanGorder," because it is apparently the spelling used in the official records of the United States Department of Health and Human Services. (Dkt. No. 1, Attach. 1, at 18, ¶ 6 [Torres Decl.].)

2

(*Id*. at ¶¶ 12, 18, 24, 30.) Based on these allegations, Plaintiff asserts medical malpractice claims against all Defendants. (*Id*.)

B.     **Procedural History**

Plaintiff commenced this action by filing a summons and complaint in New York State Supreme Court, Oswego County, on or about March 1, 2018. (Dkt. No. 2, [Pl.'s Compl.].) Defendants Oswego Hospital and Oswego Health, Inc., filed an answer in state court on April 4, 2018. (Dkt. No. 8 [State Court Answer].)

On September 28, 2018, the Office of the United States Attorney for the Northern District of New York ("U.S. Attorney") removed this action to federal court on behalf of Defendants VanGorder and Northern Oswego. (Dkt. No. 1 [Notice of Removal].) Pursuant to 28 U.S.C. § 2679(d)(2), the U.S. Attorney certified that Defendant Northern Oswego was a covered entity under the FTCA, and that Defendant VanGorder was acting as an employee of Northern Oswego at all times alleged in Plaintiff's Complaint. (Dkt. No. 1, Attach. 1, at 28 [Certification].) The U.S. Attorney also represented that Defendants Oswego Hospital and Oswego Health, Inc., were not covered by the FTCA. (Dkt. No. 1, at ¶ 4 [Notice of Removal].)

C.     **Two Motions filed by Defendants VanGorder and Northern Oswego**

Generally, in support of their motion for substitution, Defendants VanGorder and Northern Oswego argue as follows: (1) Defendant Northern Oswego is a grantee of the United States Department of Health and Human Services, and as such, is eligible for malpractice coverage under the FTCA; (2) Defendant VanGorder was a licensed physician for Northern Oswego at the time of the incidents alleged in the Complaint; (3) based on the allegations in the Complaint, this action is properly brought under the provisions of the FTCA; and (4) the United

States has certified that, at all times alleged in the Complaint, Defendants VanGorder and Northern Oswego were acting within the scope of their employment as employees of the United States. (*See generally* Dkt. No. 1, Attach. 1, at 18, ¶ 6 [Torres Decl.]; Dkt. No. 4, Attach. 1, at 2.)

In addition, in support of its motion to dismiss for lack of subject-matter jurisdiction, Defendants VanGorder and Northern Oswego argue that Plaintiff failed to file an administrative claim under 28 U.S.C. § 2675(a) before commencing this action, which is a jurisdictional requirement. (Dkt. No. 1, Attach. 1, at 17, ¶ 4 [Torres Decl.].)

In response to this motion, Plaintiff's counsel has stated that Plaintiff has no objection to the present motion to substitute or the motion to dismiss, as related to the claims against Defendants VanGorder and Northern Oswego. (Dkt. No. 12, at ¶ 5 [Shanley Aff.].) However, Plaintiff requested that the Court remand the action to New York State Supreme Court, Oswego County, so that the action may proceed against the two remaining Defendants, Oswego Hospital and Oswego County Health Services, Inc.[2]

## II. ANALYSIS

In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v.*

---

[2] Counsel for Oswego Hospital and Oswego Health, Inc., have not yet appeared in this federal proceeding. (Dkt. No. 9.)

*Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).  Here, the movants have met that modest threshold burden, at the very least.

As an initial matter, the U.S. Attorney has certified that Defendants VanGorder and Northern Oswego were acting within the scope of their employment at the time of the alleged incident(s) out of which the claim arose. (Dkt. No. 1, Attach. 1, at 28 [Jaquith Certification].)  As a result, substitution is mandatory, and therefore the United States shall be substituted for these two Defendants.  *See Celestine v. Mount Vernon Neighborhood Health Center*, 289 F. Supp.2d 392, 398 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 2679[d][2]) ("Once the Attorney General or the Attorney General's designee has certified 'that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . shall be deemed an action . . . against the United States . . . and the United States shall be substituted as the party defendant.").

Defendants have also provided evidence that Plaintiff failed to exhaust his administrative remedies before commencing this action against the United States.  Meredith Torres, a senior attorney with the Department of Health and Human Services, declared to the Court that a search of the relevant claims databases "found no record of an administrative tort claim filed by [Plaintiff] and/or an authorized representative" relating to Defendants VanGorder or Northern Oswego. (Dkt. No. 1, Attach. 1, at ¶ 4 [Torres Decl.].)  Without this administrative exhaustion, the Court lacks subject-matter jurisdiction to consider Plaintiff's claims against the United States.  *See Furman v. U.S. Postal Service*, 349 F. Supp.2d 553, 557 (E.D.N.Y. 2004)

("Compliance with Section 2675 'is strictly construed.' Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim."); *Deutsch v. Federal Bureau of Prisons*, 737 F. Supp. 261, 266 (S.D.N.Y. 1990) ("[T]he filing of an administrative claim is considered a jurisdictional prerequisite to maintaining an action under the FTCA which cannot be waived."); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that an FTCA action may not be maintained where claimant failed to exhaust his administrative remedies prior to filing suit, even though claimant sought to exhaust his administrative remedies after filing). Because the Court has determined that it lacks subject-matter jurisdiction over Plaintiff's claims against the United States, these claims are dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(1).

Finally, having dismissed Plaintiff's claims against the United States (which were the only claims over which the Court had original jurisdiction), the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against the remaining Defendants, Oswego Hospital and Oswego Health, Inc. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution] if . . . the district court has dismissed all claims over which it has original jurisdiction.").[3] In doing so, the Court remands Plaintiff's state law claims to New York

---

[3] *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding, later codified in Section 1367(c)(3), that a district court has discretion to remand to state court a properly removed case involving supplemental claims "upon a proper determination that retaining jurisdiction over the case would be inappropriate"); *Parker v. Della Rocco*, 252 F.3d 663, 666 (2d Cir. 2001) (noting that, where one defendant invoked a statute making claims against it removable and plaintiff later voluntarily dismissed the claim against that defendant, which was the only jurisdiction-conferring claim, the district court still had the "power" under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims).

State Supreme Court, Oswego County, because remanding "promote[s] the comity interest that informs the doctrine of supplemental jurisdiction," this case is in its infancy, state court was the forum of Plaintiff's choice, and "there is no specter . . . of any bad faith effort to 'manipulate the forum' in a manner that counsels against a remand." *De Hernandez v. Lutheran Med. Ctr.*, 01-CV-6730, 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002).

**ACCORDINGLY**, it is

**ORDERED** that the motion by Defendants VanGorder and Northern Oswego to substitute the United States as a defendant in this action (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall substitute the United States for Defendants Scott VanGorder, D.O. and Northern Oswego County Health Services, Inc., as a defendant in this action; and it is further

**ORDERED** that the motion by Defendants VanGorder and Northern Oswego to dismiss Plaintiff's claims against the United States for lack of subject-matter jurisdiction (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against the United States are **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the remaining claims in this action–i.e., Plaintiff's claims against Defendants Oswego Hospital and Oswego Health, Inc.–are **REMANDED** to state court; and it is further

**ORDERED** that the Clerk's Office shall send a copy of this order to counsel for

Defendants Oswego Hospital and Oswego Health, Inc., by regular mail.[4]

Dated: March 22, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] Counsel's address is listed in the state court answer filed by Defendants Oswego Hospital and Oswego Health, Inc. (Dkt. No. 8, at 5 [State Court Answer]), as well as prior correspondence from the Clerk's Office as Martin, Ganotis, Brown, Mould & Currie, P.C., 5790 Widewaters Parkway, Dewitt, NY 13214. (Dkt. No. 9.)